Exhibit "**A**"

Exhibit "**A**"   Exhibit "**A**"   Exhibit "**A**"   Exhibit "**A**"   Exhibit "**A**"

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Joseph Lavi, Esq. (SBN 209776); Vincent Granberry, Esq. (SBN 276483)<br>Melissa Huether, Esq. (SBN 316604)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211<br>TELEPHONE NO.: 310-432-0000    FAX NO. *(Optional):* 310-432-0001<br>E-MAIL ADDRESS *(Optional):* mortiz@lelawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff KATIA ARELLANO | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415-0210
BRANCH NAME: San Bernardino County Superior Court

PLAINTIFF/PETITIONER: Katia Arellano

DEFENDANT/RESPONDENT: Ulta Salon, Cosmetics & Fragrance, Inc.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIV-SB-2202356 |

TO *(insert name of party being served):* Ulta Salon, Cosmetics & Fragrance, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 11, 2022

Melissa A. Huether, Esq. (Attorney for Plaintiff)
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

   Civil Case Cover Sheet; Certificate of Assignment

*(To be completed by recipient):*

Date this form is signed:

_____    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                       ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 2 2022

BY Alma Vallejo Garcia
ALMA VALLEJO GARCIA, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATIA ARELLANO, on behalf of herself and others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California<br>County of San Bernardino<br>247 West Third Street<br>San Bernardino, California 92415-0210 | CASE NUMBER: *(Número del Caso):*<br>**CIV SB 2 2 0 2 3 5 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483); Melissa Huether, Esq. (SBN 316604); Megan Ortiz, Esq. (SBN 340417); T: 310-432-0000; F: 310-432-0001; Lavi & Ebrahimian, LLP; 8889 W. Olympic Blvd., Suite 200; Beverly Hills, CA 90211

| DATE: MAR 0 2 2022 | Clerk, by | Alma Vallejo Garcia | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* KA | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

Copy

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

1  Joseph Lavi, Esq. (SBN 209776)
   Vincent C. Granberry, Esq. (SBN 276483)
2  Melissa A. Huether, Esq. (SBN 316604)
   Megan Ortiz, Esq. (SBN 340417)
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd., Suite 200
4  Beverly Hills, California 90211
   Telephone: (310) 432-0000
5  Facsimile: (310) 432-0001
   Emails: jlavi@lelawfirm.com
6        vgranberry@lelawfirm.com
         mhuether@lelawfirm.com
7        mortiz@lelawfirm.com
         wht3@lelawfirm.com
8
   *Attorneys for* Plaintiff Katia Arellano,
9  on behalf of herself and others similarly situated.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 01 2022

BY _____
ALMA VALLEJO GARCIA, DEPUTY

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF SAN BERNARDINO**

12  KATIA ARELLANO, on behalf of herself and    Case No.: **CIV SB 2 2 0 2 3 5 6**
    others similarly situated,

13                                               **CLASS ACTION**
                  PLAINTIFF,
14                                               **PLAINTIFF KATIA ARELLANO'S**
          vs.                                    **COMPLAINT FOR DAMAGES AND**
15                                               **RESTITUTION FOR:**
    ULTA SALON, COSMETICS &
16  FRAGRANCE, INC.; and DOES 1 to 100,          1. **FAILURE TO PAY WAGES FOR**
    inclusive,                                      **ALL HOURS WORKED AT**
17                                                  **MINIMUM WAGE IN**
                  DEFENDANTS.                       **VIOLATION OF LABOR CODE**
18                                                  **§1194 AND 1197**

19                                               2. **FAILURE TO PAY OVERTIME**
                                                    **WAGES FOR DAILY**
20                                                  **OVERTIME WORKED IN**
                                                    **VIOLATION OF LABOR CODE**
21                                                  **§510 AND 1194**

22                                               3. **FAILURE TO AUTHORIZE OR**
                                                    **PERMIT MEAL PERIODS IN**
23                                                  **VIOLATION OF LABOR CODE**
                                                    **§512 AND 226.7**
24
                                                 4. **FAILURE TO AUTHORIZE OR**
25                                                  **PERMIT REST PERIODS IN**
                                                    **VIOLATION OF LABOR CODE**
26                                                  **§ 226.7**

27                                               5. **FAILURE TO INDEMNIFY**
                                                    **EMPLOYEES FOR**
28                                                  **EMPLOYMENT-RELATED**
                                                    **LOSSES/EXPENDITURES IN**

─────────────────────────────────────────────
                    **COMPLAINT**
                        1

VIOLATION OF LABOR CODE § 2802

6.  **FAILURE TO TIMELY PAY EARNED WAGES DURING EMPLOYMENT IN VIOLATION OF LABOR CODE § 204**

7.  **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226**

8.  **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE §201, 202, AND 203**

9.  **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COME NOW** Plaintiff KATIA ARELLANO ("Plaintiff"), who alleges and complains against Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

## I.  INTRODUCTION

1.      This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods and/or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods and/or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; statutory penalties for failure to timely pay earned wages during employment; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of

1  employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to

2  Labor Code §218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others

3  similarly situated.

4  **II.  JURISDICTION AND VENUE**

5       2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for

6  failure to pay wages for all hours worked at minimum wage and overtime hours worked at the

7  overtime rate of pay due; failure to authorize or permit all legally required and/or compliant meal

8  periods and/or pay meal period premium wages; failure to authorize or permit all legally required

9  and/or compliant rest periods and/or pay rest period premium wages; indemnification for all

10  necessary expenditures or losses incurred by employees in direct consequence of discharging their

11  duties; statutory penalties for failure to timely pay earned wages during employment; statutory

12  penalties for failure to provide accurate wage statements; statutory waiting time penalties in the

13  form of continuation wages for failure to timely pay employees all wages due upon separation of

14  employment; and claims for injunctive relief and restitution under California Business and

15  Professions Code §17200, *et seq.*, for the following reasons: Defendants operate throughout

16  California; Defendants employed Plaintiff and putative class members in locations throughout

17  California, including but not limited to San Bernardino County, at 27461 San Bernardino

18  Ave., Ste. 150, Redlands, CA 92374; more than two-thirds of putative class members are

19  California citizens; the principal violations of California law occurred in California; no other class

20  actions have been filed against Defendants in the last four (4) years alleging wage and hour

21  violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class

22  members' claims; and Plaintiff and putative class members seek significant relief from

23  Defendants.

24  **III.  PARTIES**

25       3.    Plaintiff brings this action on behalf of herself and other members of the general

26  public similarly situated. The named Plaintiff and the class of persons on whose behalf this action

27  is filed are current, former, and/or future employees of Defendants who work as hourly non-

28  exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a

resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.    Defendants employed Plaintiff as an hourly non-exempt employee from in or around June 4, 2021, until on or about December 23, 2021.

5.    Plaintiff is informed and believes and thereon alleges that Defendant employed her and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.    Plaintiff is informed and believes and thereon alleges that Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times, relevant hereto were persons acting on behalf of Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. operates in San Bernardino County and employed Plaintiff and putative class members in San Bernardino County, including but not limited to, at 27461 San Bernardino Ave., Ste. 150, Redlands, CA 92374.

7.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, successor, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8.    Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

///

9.      Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants ULTA SALON, COSMETICS & FRAGRANCE, INC. and DOES 1 to 100, inclusive.

10.      At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

11.      Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES

12.      Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, § 11070, Defendants are employers of Plaintiff within the meaning of Wage Order 7 and applicable Labor Code §. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

///

///

13.     **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

14.     Labor Code §1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

15.     Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a)     requiring Plaintiff and similarly situated employees to clock in for their shift and then wait at the timeclock to ensure that system processed the punch in, which could take up to three minutes. Plaintiff and similarly situated employees were not compensated for the time spent waiting for their clock in punch to register time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked;

(b)     requiring Plaintiff and similarly situated employees who worked the closing shift to clock out at the end of their scheduled shift, gather and wait at the front of the store for all employees to clock out, undergo a security bag check, wait for all other employees to undergo the security bag check, and then wait for the closing shift manager to arm the alarm system and lock the store doors before being relinquished from Defendant's control. Plaintiff and similarly situated employees were not compensated for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked;

(c)     beginning at the outbreak of COVID-19 through on or around July 2021, Defendants required Plaintiff and similarly situated employees to undergo off-the-clock COVID-19 medical screenings including but not limited to temperature checks and/or medical

1   questionnaires prior to being permitted to clock in for the start of their shift. Plaintiff and similarly

2   situated employees were not compensated for this time resulting in Defendants' failure to pay

3   minimum wage for all the hours Plaintiff and similarly situated employees worked;

4        (d)    requiring Plaintiff and similarly situated employees to review and approve

5   their timesheets every other Friday after clocking out from their shift, which could take up to

6   twenty minutes. Plaintiff and similarly situated employees were not compensated for this time

7   resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly

8   situated employees worked; and

9        (e)    requiring Plaintiff and similarly situated employees to check application

10  Work Jam daily for schedule changes while off-the-clock, which could take up to fifteen minutes.

11  Plaintiff and similarly situated employees were not compensated for this time resulting in

12  Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated

13  employees worked.

14      16.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt

15  employees to be subject to Defendants' control without paying wages for that time. This resulted

16  in Plaintiff and similarly situated employees working time for which they were not compensated

17  any wages, in violation of Labor Code §1194, 1197, and Wage Order 7.

18      17.    **Failure to pay wages for overtime hours worked at the overtime rate of pay**:

19  Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

20  employees. In California, an employer is required to pay hourly employees for all "hours worked,"

21  which includes all time that an employee is under the control of the employer and all time the

22  employee is suffered or permitted to work. This includes the time an employee spends, either

23  directly or indirectly, performing services which inure to the benefit of the employer.

24      18.    Labor Code §510 and 1194 and Wage Order 7 require an employer to compensate

25  employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more

26  than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

27  ///

28  ///

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code § 510; Wage Order 7, §3.

19.     Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a)     requiring Plaintiff and similarly situated employees to clock in for their shift and then wait at the timeclock to ensure that system processed the punch in, which could take up to three minutes. Plaintiff and similarly situated employees were not compensated for the time spent waiting for their clock in punch to process;

(b)     requiring Plaintiff and similarly situated employees who worked the closing shift to clock out at the end of their scheduled shift, gather and wait at the front of the store for all employees to clock out, undergo a security bag check, wait for all other employees to undergo the security bag check, and then wait for the closing shift manager to arm the alarm system and lock the store doors before being relinquished from Defendant's control;

(c)     beginning at the outbreak of COVID-19 through on or around July 2021, Defendants required Plaintiff and similarly situated employees to undergo off-the-clock COVID-19 medical screenings including but not limited to temperature checks and/or medical questionnaires prior to being permitted to clock in for the start of their shift;

(d)     requiring Plaintiff and similarly situated employees to approve of their timesheet every other Friday between pay periods after clocking out of their scheduled shifts, but before being relinquished from Defendant's control, which could take up to twenty minutes; and

(e)     requiring Plaintiff and similarly situated employees to check application Work Jam daily for schedule changes while off-the-clock, which could take up to fifteen minutes.

20.     To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been

paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code §510, 1194, and Wage Order 7.

21.     Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, § 49.1.2.

22.     In this case, Plaintiff allege that when they and similarly situated employees earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as, for example, shift differential pay when calculating Plaintiff's and similarly situated employees' regular rate of compensation for the purpose of paying overtime.

23.     Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their proper overtime rate of pay for all overtime hours worked, in violation of Labor Code §510, 1194, 1198, and the Wage Order.

24.     **Failure to authorize or permit all legally required and/or compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

25.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code §512; Wage Order 7, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period,

1   even if the employee is relieved of all other duty during the meal period, the employee is subject

2   to the employer's control and the meal period is counted as time worked. If an employer fails to

3   provide an employee a meal period in accordance with the law, the employer must pay the

4   employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally

5   required and/or compliant meal period was not provided. Labor Code §226.7; Wage Order 7, §11.

6       26.    Here, Plaintiff and similarly situated employees worked shifts long enough to

7   entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

8   practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

9   Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour

10  period of work as required by law. Such policies, practices, and/or procedures included, but were

11  not limited to:

12      (a)    requiring Plaintiff and similarly situated employees to undergo security bag

13  checks before being relinquished from Defendants' control and prior to being permitted to leave

14  the premises for meal periods and failing to elongate or extend meal periods to account for the

15  time expended undergoing security bag checks thus resulting in meal periods that were not duty-

16  free and/or were less than thirty (30) minutes. Defendants' requirement that Plaintiff and similarly

17  situated employees undergo security bag checks prior to leaving the premises, but after clocking

18  out for a meal period, discouraged Plaintiff and other similarly situated employees from leaving

19  the premises during a meal period; and

20      (b)    requiring Plaintiff and similarly situated employees to keep their walkie

21  talkies on their person at all times during their meal periods, resulting in meal periods that were

22  not duty-free and/or less than thirty (30) minutes.

23      27.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a

24  meal period premium wage of one (1) additional hour of pay at their regular rate of compensation

25  for each workday the employees did not receive all legally required and/or compliant meal

26  periods. Defendants employed policies and procedures which ensured that employees did not

27  receive any meal period premium wages to compensate them for workdays in which they did not

28  receive all legally required and/or compliant meal periods.

28. Finally, on occasions when Defendants paid Plaintiffs and similarly situated employees a "premium" wage for late, missed, short, on-premises, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as, for example, shift premium charges when calculating Plaintiff's and similarly situated employees' regular rate of compensation for the purpose of paying meal period premium wages.

29. The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and/or compliant meal periods and/or not receiving premium wages and/or not receiving premium meal period premium wages at their regular rate of compensation to compensate them for such instances, all in violation of California law.

30. **Failure to authorize and permit all legally required and/or compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

31. California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code §226.7; Wage Order 7, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7; Wage Order 7, § 12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 7, § 12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5

Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

32.   In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and/or compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to:

(a)   failing to authorize or permit Plaintiff and similarly situated employees an uninterrupted duty-free rest period of no less than ten (10) minutes for each four-hour period of work as required by law;

(b)   requiring Plaintiff and similarly situated employees to undergo security bag checks before being relinquished from Defendants' control and prior to being permitted to leave the premises for rest periods and failing to elongate or extend rest periods to account for the time expended undergoing security bag checks thus resulting in rest periods that were not duty-free and/or less than ten (10) minutes. Defendants' requirement that Plaintiff and similarly situated employees undergo security bag checks prior to leaving the premises discouraged Plaintiff and other similarly situated employees from leaving the premises during a rest period;

(c)   requiring Plaintiff and similarly situated employees to keep their walkie talkies on their person at all times during their rest periods, resulting in rest periods that were not duty-free and/or less than ten (10) minutes; and

(d)   failing to pay meal period premium wages to Plaintiff and similarly situated employees at the proper rate of pay due to Defendants' failure to include shift differential pay when computing the regular rate of compensation for purposes of computing rest period premium wages.

33.   Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and/or compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any

rest period premium wages to compensate them for workdays in which they did not receive all legally required and/or compliant rest periods.

34.     Finally, on occasions when Defendants did pay Plaintiffs and similarly situated employees a "premium" wage for late, missed, short, on-premises, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as, for example, shift differential pay when calculating Plaintiff's and similarly situated employees' regular rate of compensation for the purpose of paying rest period premiums.

35.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and/or compliant rest periods and/or not receiving premium wages and/or not receiving rest period premium wages at the regular rate of compensation to compensate them for such instances, all in violation of California law.

36.     **Failure to indemnify employees for losses and expenditures incurred as part of their employment:** Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…" An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code § 2802).

37.     Defendants employed policies, practices, and/or procedures whereby Defendants required Plaintiff and similarly situated employees, as part of their employment with Defendants, to incur necessary expenditures as a result of their employment with Defendants, without receiving indemnification from Defendants. Such policies, practices, and/or procedures included, but were not limited to the following:

(a)     requiring Plaintiff and similarly situated employees to use their personal cell phone (including both telephone use and cellular data use) for work-related purposes- without reimbursing Plaintiff and similarly situated employees for such use. In particular, Plaintiff and

1  similarly situated employees were required to download, maintain, and utilize an application

2  called "Work Jam" on their personal cell phones for work-related purposes.

3      38.    The costs incurred by Plaintiff and similarly situated employees to use their

4  personal cell phones in order to complete work duties and to comply with Defendants'

5  aforementioned policies, practices, and/or procedures were significant as a result of their

6  employment with Defendants.

7      39.    Defendants employed policies and procedures which ensured Plaintiff and similarly

8  situated employees would not receive indemnification for the aforementioned necessary

9  expenditures incurred as a result of their employment with Defendants.

10      40.    Defendants' aforementioned policies, practices, and/or procedures resulted in

11  Plaintiff and similarly situated California-based employees not receiving indemnification for

12  employment-related expenditures, in violation of Labor Code § 2802.

13      41.    **Failure to timely pay earned wages during employment**: In California, wages

14  must be paid at least twice during each calendar month on days designated in advance by the

15  employer as regular paydays, subject to some exceptions. Labor Code §204(a). Wages earned

16  between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th

17  and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of

18  any calendar month must be paid between the 1st and 10th day of the following month. *Id.* Other

19  payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within

20  seven (7) calendar days following the close of the payroll period in which wages were earned.

21  Labor Code §204(d).

22      42.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

23  to timely pay Plaintiff's and similarly situated employees' earned wages (including minimum

24  wages, overtime wages, meal period premium wages, and/or rest period premium wages), in

25  violation of Labor Code § 204.

26      43.    Defendants' aforementioned policies, practices, and/or procedures resulted in their

27  failure to pay Plaintiff and similarly situated employees their earned wages within the applicable

28  time frames outlined in Labor Code § 204.

44.     **Failure to provide accurate wage statements**: Labor Code § 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of § 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

45.     Defendant committed direct violations of Labor Code § 226, through their policies, practices, and/or procedures, including, but not limited to: failing to provide Plaintiff and other similarly situated employees accurate itemized wage statements showing: (1) the hourly rate of pay; (2) the overtime rate of pay; (3) the number of overtime hours worked; and (4) the "Shift Differential" pay.

46.     In direct violation of Labor Code Section 226, Defendants failed identify the applicable pay rate and number of hours worked for "Sft Diff Reg on Plaintiff's and similarly situated employees' wage statements.

47.     For example, for the pay period beginning October 31, 2021, Plaintiff was paid $2.00 per hour for the "Sft Diff Reg" during the pay period, however, this was not included as part of the overtime rate as required.

48.     Additionally, for the pay period beginning December 12, 2021, Plaintiff was paid $16.00 per hour for the "Sft Diff Reg" rate during the pay period, however, the identified rate is incorrect. Plaintiff worked 22.33 hours that qualified for a "Sft Diff Reg" and was paid $44.66. Thus, the listed rate of $16 per hour is not that rate at which she was paid. Therefore, Plaintiff is

1   unable to determine or calculate how or whether the amount she was paid for "Shift Differential"

2   pay was correct.

3        49.    As a result of Defendants' failure to provide the applicable pay rate and the number

4   of hours worked for "Shift Differential" pay, Plaintiff and other similarly situated employees who

5   received "Shift Differential" pay were unable to determine how the amount was calculated and

6   whether it was correct.

7        50.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

8   to provide accurate wage and hour statements to him and other similarly situated employees who

9   were subject to Defendants' control for uncompensated time and who did not receive all their

10  earned wages (including minimum wages, overtime wages, meal period premium wages, rest

11  period premium wages, shift differential pay, and/or the regular rate of pay), in violation of Labor

12  Code § 226.

13       51.    **Failure to timely pay final wages**: An employer is required to pay all unpaid

14  wages timely after an employee's employment ends. The wages are due immediately upon

15  termination or within seventy-two (72) hours of resignation. Labor Code §201, 202.

16       52.    As a result of the aforementioned violations of the Labor Code, Plaintiff alleges

17  that she, and on information and belief, other similarly situated employees, were not paid their

18  final wages in a timely manner as required by Labor Code § 203. Minimum wages for all hours

19  worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest

20  period premium wages (all described above), were not paid at the time of Plaintiff's and other

21  similarly situated employees' separation of employment, whether voluntarily or involuntarily, as

22  required by Labor Code §201, 202, and 203.

23  **V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**

24       53.    Plaintiff brings this action on behalf of herself, on behalf of others similarly

25  situated, and on behalf of the general public, and as members of a Class defined as follows:

26       A.    **Minimum Wage Class**: All current and former hourly non-exempt

27  employees employed by Defendants in California at any time from four (4) years prior to the filing

28  of the initial Complaint in this matter through the date notice is mailed to a certified class who

1   were not paid at least minimum wage for all time they were subject to Defendants' control.

2          B.      **Overtime Class:** All current and former hourly non-exempt employees
3   employed by Defendants in California at any time from four (4) years prior to the filing of the
4   initial Complaint in this matter through the date notice is mailed to a certified class who worked
5   more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a
6   workweek, to whom Defendants did not pay overtime wages.

7          C.      **Regular Rate Class:** All current and former hourly non-exempt employees
8   employed by Defendants in California at any time from four (4) years prior to the filing of the
9   initial Complaint in this matter through the date notice is mailed to a certified class who worked
10  more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven
11  (7) days in a workweek, who received additional remuneration during pay periods in which they
12  were paid overtime wages, and whose compensation did not include such additional remuneration
13  when Defendants calculated those employees' overtimes wages.

14         D.      **Meal Period Class**: All current and former hourly non-exempt employees
15  employed by Defendants in California at any time from four (4) years prior to the filing of the
16  initial Complaint in this matter through the date notice is mailed to a certified class who worked
17  shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free
18  meal periods of not less than thirty (30) minutes.

19         E.      **Meal Period Premium Wages Class**: All current and former hourly non-
20  exempt employees employed by Defendants in California at any time from four (4) years prior to
21  the filing of the initial Complaint in this matter through the date notice is mailed to a certified
22  class who received additional remuneration during pay periods in which they were paid meal
23  period premium wages and whose regular rate of compensation did not include such additional
24  remuneration when Defendants calculated those employees' meal period premium wages.

25         F.      **Rest Period Class**: All current and former hourly non-exempt employees
26  employed by Defendants in California at any time from four (4) years prior to the filing of the
27  initial Complaint in this matter through the date notice is mailed to a certified class who worked
28  shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods

of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

G.     **Rest Period Premium Wages Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid rest period premium wages and whose regular rate of compensation did not include such additional remuneration when Defendants calculated those employees' rest period premium wages.

H.     **Indemnification Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duties.

I.     **Pay Day Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who were not timely paid earned wages during their employment.

J.     **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

K.     **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

L.     **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

54.     There is a well-defined community of interest in the litigation and the classes are

ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code §1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.    Whether Defendants violated Labor Code §510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.    Whether Defendants violated Labor Code §510 and 1194 by not paying the Regular Rate Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

///

iv.    Whether Defendants violated Labor Code §512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/and/or paying meal period premium wages;

v.    Whether Defendants violated Labor Code §512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Premium Wages Class Members without paying meal period premium wages at the proper rate;

vi.    Whether Defendants violated Labor Code § 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods

1   and/and/or paying rest period premium wages;

2          vii.    Whether Defendants violated Labor Code § 226.7, as well as the

3   applicable Wage Order, by employing the Rest Period Premium Wages Class Members without

4   paying rest period premium wages at the proper rate;

5          viii.   Whether Defendants violated Labor Code § 2802 by failing to

6   provide Indemnification Class Members with reimbursement of costs to compensate them for the

7   necessary expenditures incurred in the discharge of their duties;

8          ix.     Whether Defendants violated Labor Code § 204 by employing Pay

9   Day Class Members without timely paying them all earned wages during their employment;

10         x.      Whether Defendants failed to provide the Wage Statement Class

11  Members with accurate itemized statements at the time they received their itemized statements;

12         xi.     Whether Defendants failed to provide the Waiting Time Class

13  Members with all of their earned wages upon separation of employment within the statutory time

14  period;

15         xii.    Whether Defendants committed unlawful business acts or practice

16  within the meaning of Business and Professions Code §17200, *et seq.*;

17         xiii.   Whether Class Members are entitled to unpaid wages, penalties, and

18  other relief pursuant to their claims;

19         xiv.    Whether, as a consequence of Defendants' unlawful conduct, the

20  Class Members are entitled to restitution, and/or equitable relief; and

21         xv.     Whether Defendants' affirmative defenses, if any, raise any common

22  issues of law or fact as to Plaintiff and as to Class Members as a whole.

23         C.      **Typicality**: Plaintiff's claims are typical of the claims of the class members

24  in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

25  arising out of Defendants' failure to pay wages at least at minimum wage for all time the

26  employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage

27  Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime

28  hours worked. Plaintiffs and members of the Regular Rate Class sustained damages arising out of

1    Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff
2    and members of the Meal Period Class sustained damages arising out of Defendants' failure to
3    provide non-exempt employees with all required meal periods and/or meal periods that were duty-
4    free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as
5    compensation. Plaintiff and members of the Meal Period Premium Wages Class sustained
6    damages arising out of Defendants' failure to pay meal period premium wages at the proper rate.
7    Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants'
8    failure to provide non-exempt employees with all required rest periods and/or rest periods that
9    were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as
10   compensation. Plaintiff and members of the Rest Period Premium Wages Class sustained damages
11   arising out of Defendants' failure to pay rest period premium wages at the proper rate. Plaintiff
12   and members of the Record Request Class sustained damages from Defendants' failure to provide
13   their requested employment records within the statutory time period. Plaintiff and members of the
14   Indemnification Class sustained damages from Defendants' failure to provide reimbursement of
15   costs to compensate them for the necessary expenditures incurred in the discharge of their duties.
16   Plaintiff and members of the Pay Day Class sustained damages arising out of Defendants' failure
17   to timely pay them all wages earned during their employment in compliance with Labor Code §
18   204. Plaintiff and members of the Wage Statement Class sustained damages arising out of
19   Defendants' failure to furnish them with accurate itemized wage statements in compliance with
20   Labor Code § 226. Plaintiff and members of the Waiting Time Class sustained damages arising
21   out of Defendants' failure to provide all unpaid yet earned wages due upon separation of
22   employment within the statutory time limit.

23          D.      **Adequacy of Representation**: Plaintiff will fairly and adequately protect
24   the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of
25   the other class members.

26          E.      **Superiority**: A class action is superior to other available means for the fair
27   and efficient adjudication of this controversy. Because individual joinder of all members of each
28   class is impractical, class action treatment will permit a large number of similarly situated persons

to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.   **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE §1194 AND 1197

#### (Against All Defendants by Plaintiff and the Minimum Wage Class)

55.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

56.   At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

57.   Pursuant to Labor Code §1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

58.   Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

59. Defendants employed policies, practices, and/or procedures including, but not limited to:

(a) requiring Plaintiff and similarly situated employees to clock in for their shift and then wait at the timeclock to ensure that system processed the punch in, which could take up to three minutes. Plaintiff and similarly situated employees were not compensated for the time spent waiting for their clock in punch to register time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked;

(b) requiring Plaintiff and similarly situated employees who worked the closing shift to clock out at the end of their scheduled shift, gather and wait at the front of the store for all employees to clock out, undergo a security bag check, wait for all other employees to undergo the security bag check, and then wait for the closing shift manager to arm the alarm system and lock the store doors before being relinquished from Defendant's control. Plaintiff and similarly situated employees were not compensated for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked;

(c) beginning at the outbreak of COVID-19 through on or around July 2021, Defendants required Plaintiff and similarly situated employees to undergo off-the-clock COVID-19 medical screenings including but not limited to temperature checks and/or medical questionnaires prior to being permitted to clock in for the start of their shift. Plaintiff and similarly situated employees were not compensated for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked;

(d) requiring Plaintiff and similarly situated employees to review and approve their timesheets every other Friday after clocking out from their shift, which could take up to twenty minutes. Plaintiff and similarly situated employees were not compensated for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked; and

(e) requiring Plaintiff and similarly situated employees to check application Work Jam daily for schedule changes while off-the-clock, which could take up to fifteen minutes. Plaintiff and similarly situated employees were not compensated for this time resulting in

Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

60.     As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

61.     Pursuant to Labor Code §1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §510 and 1194

**(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

62.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

63.     At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code §510 and 1194 and the Wage Order 7.

64.     Pursuant to Labor Code §510 and 1194 and the Wage Order 7, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

65.     Labor Code § 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this § requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

COMPLAINT
24

66.     Further, Labor Code § 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

67.     Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

68.     Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

(a)     requiring Plaintiff and similarly situated employees to clock in for their shift and then wait at the timeclock to ensure that system processed the punch in, which could take up to three minutes. Plaintiff and similarly situated employees were not compensated for the time spent waiting for their clock in punch to process;

(b)     requiring Plaintiff and similarly situated employees who worked the closing shift to clock out at the end of their scheduled shift, gather and wait at the front of the store for all employees to clock out, undergo a security bag check, wait for all other employees to undergo the security bag check, and then wait for the closing shift manager to arm the alarm system and lock the store doors before being relinquished from Defendant's control;

(c)     beginning at the outbreak of COVID-19 through on or around July 2021, Defendants required Plaintiff and similarly situated employees to undergo off-the-clock COVID-19 medical screenings including but not limited to temperature checks and/or medical questionnaires prior to being permitted to clock in for the start of their shift;

(d)     requiring Plaintiff and similarly situated employees to approve of their timesheet every other Friday between pay periods after clocking out of their scheduled shifts, but before being relinquished from Defendant's control, which could take up to twenty minutes; and

(e)     requiring Plaintiff and similarly situated employees to check application Work Jam daily for schedule changes while off-the-clock, which could take up to fifteen minutes.

69.   To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

70.   Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, § 49.1.2.

71.   In this case, when Plaintiffs and Regular Rate Class Members earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as, for example, shift premium pay when calculating Plaintiff's and Regular Rate Class Members' regular rate of compensation for the purpose of paying overtime.

72.   As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

73.   Pursuant to Labor Code § 1194, Plaintiff, the Overtime Class, and the Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE § 512 AND 226.7

**(Against All Defendants by Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class)**

74.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

75.   At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered

by Labor Code §512 and 226.7 and the Wage Order.

76.     California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code §226.7, 512; Wage Order 7, § 11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code § 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

77.     In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

        (a)     requiring Plaintiff and similarly situated employees to undergo security bag checks before being relinquished from Defendants' control and prior to being permitted to leave the premises for meal periods and failing to elongate or extend meal periods to account for the time expended undergoing security bag checks thus resulting in meal periods that were not duty-free and/or were less than thirty (30) minutes. Defendants' requirement that Plaintiff and similarly situated employees undergo security bag checks prior to leaving the premises, but after clocking out for a meal period, discouraged Plaintiff and other similarly situated employees from leaving the premises during a meal period; and

///

(b)      requiring Plaintiff and similarly situated employees to keep their walkie talkies on their person at all times during their meal periods, resulting in meal periods that were not duty-free and/or less than thirty (30) minutes.

78.      Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

79.      Finally, on occasions when Defendants paid Plaintiffs and the Meal Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class's regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as, for example, shift premium pay when calculating Plaintiff's and the Meal Period Premium Wages Class's regular rate of pay for the purpose of paying meal period premiums.

80.      Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

81.      Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code § 226.7 and the Wage Order.

82.      Plaintiff, on behalf of herself, the Meal Period Class, and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

///

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION OF LABOR CODE § 226.7

**(Against All Defendants by Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class)**

83.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

84.     At all times relevant to this Complaint, Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class were employees of Defendants, covered by Labor Code § 226.7 and Wage Order 7.

85.     California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…." Wage Order 7, § 12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.* If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 7, § 12; Labor Code §226.7.

86.     In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and/or compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures

included, but were not limited to:

        (a)     failing to authorize or permit Plaintiff and similarly situated employees an uninterrupted duty-free rest period of no less than ten (10) minutes for each four-hour period of work as required by law;

        (b)     requiring Plaintiff and similarly situated employees to undergo security bag checks before being relinquished from Defendants' control and prior to being permitted to leave the premises for rest periods and failing to elongate or extend rest periods to account for the time expended undergoing security bag checks thus resulting in rest periods that were not duty-free and/or less than ten (10) minutes. Defendants' requirement that Plaintiff and similarly situated employees undergo security bag checks prior to leaving the premises discouraged Plaintiff and other similarly situated employees from leaving the premises during a rest period;

        (c)     requiring Plaintiff and similarly situated employees to keep their walkie talkies on their person at all times during their rest periods, resulting in rest periods that were not duty-free and/or less than ten (10) minutes; and

        (d)     failing to pay meal period premium wages to Plaintiff and similarly situated employees at the proper rate of pay due to Defendants' failure to include shift differential pay when computing the regular rate of compensation for purposes of computing rest period premium wages.

87.     Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods.

88.     Further, on occasions when Defendants did pay Plaintiffs and the Rest Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Rest Period Premium Wages Class's regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration

1   such as, for example, shift premium pay when calculating Plaintiff's and the Rest Period Premium

2   Wages Class's regular rate of compensation for the purpose of paying rest period premiums.

3       89.   Defendants' unlawful conduct alleged herein occurred in the course of employment

4   of Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class and such conduct

5   has continued through the filing of this Complaint.

6       90.   Because Defendants failed to provide employees with rest periods in compliance

7   with the law, Defendants are liable to Plaintiff, the Rest Period Class, and the Rest Period

8   Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for

9   each workday that Defendants did not provide all legally required and legally compliant rest

10  periods, pursuant to Labor Code § 226.7 and the Wage Order.

11      91.   Plaintiff, on behalf of herself, the Rest Period Class, and the Rest Period Premium

12  Wages Class seeks damages and all other relief allowable, including a rest period premium wage

13  for each workday Defendants failed to provide all legally required and legally compliant rest

14  periods, plus pre-judgment interest.

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES
### AND EXPENDITURES IN VIOLATION OF LABOR CODE § 2802

**(Against All Defendants by Plaintiffs and the Indemnification Class)**

19      92.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

20      93.   Plaintiff and members of the Indemnification Class have been employed by

21  Defendants in the State of California. Labor Code § 2802(a) states that "[a]n employer shall

22  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

23  in direct consequence of the discharge of his or her duties, or of his or her obedience to the

24  directions of the employer…" An employer is prohibited from passing the ordinary business

25  expenses and losses of the employer onto the employee. (Labor Code § 2802).

26      94.   Defendants violated Labor Code § 2802 by employing policies, practices, and/or

27  procedures of impermissibly passing business-related expenses to Plaintiff and Indemnification

28  Class Members during the course of employment. These policies, practices, and/or procedures

included, but were not limited to:

(a)      requiring Plaintiff and similarly situated employees to use their personal cell phone (including both telephone use and cellular data use) for work-related purposes- without reimbursing Plaintiff and similarly situated employees for such use. In particular, Plaintiff and similarly situated employees were required to download, maintain, and utilize an application called "Work Jam" on their personal cell phones for work-related purposes.

95.      The costs incurred by Plaintiff and Indemnification Class Members to use or purchase their own tools and/or resources for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

96.      Moreover, Defendants employed policies and procedures which ensured that Plaintiff and Indemnification Class Members would not receive indemnification for all necessary expenditures or losses incurred by them in direct consequence of discharging their duties. Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and Indemnification Class Members not receiving indemnification for employment-related expenditures in compliance with California law.

97.      Because Defendants failed to indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and Indemnification Class Members for monies to compensate them for such expenditures or losses pursuant to Labor Code § 2802.

98.      As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiff and Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of herself and on behalf of the Indemnification Class, seeks damages and all other relief allowable including indemnification for all employment-related expenses as well as ordinary business expenses incurred by Defendants and passed on to Plaintiff and Indemnification Class Members, pursuant to Labor Code § 2802.

99.      Pursuant to Labor Code § 2802, Plaintiff and Indemnification Class Members are

1    entitled to recover full indemnification, reasonable attorneys' fees and costs of suit.

2                        **SIXTH CAUSE OF ACTION**

3    **FAILURE TO TIMELY PAY EARNED WAGES DURING EMPLOYMENT IN**

4                   **VIOLATION OF LABOR CODE § 204**

5         **(Against All Defendants by Plaintiff and the Pay Day Class)**

6         100.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

7         101.    Plaintiff and the Pay Day Class have been employed by Defendants in the State of

8    California. In California, wages must be paid at least twice during each calendar month on days

9    designated in advance by the employer as regular paydays, subject to some exceptions. Labor

10   Code §204(a). Wages earned between the 1st and 15th days, inclusive, of any calendar month

11   must be paid between the 16th and the 26th day of that month and wages earned between the 16th

12   and the last day, inclusive, of any calendar month must be paid between the 1st and 10th day of

13   the following month. *Id.* Other payroll periods such as those that are weekly, biweekly, or

14   semimonthly, must be paid within seven (7) calendar days following the close of the payroll

15   period in which wages were earned. Labor Code §204(d).

16        102.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

17   to timely pay Plaintiff's and the Pay Day Class's earned wages (including minimum wages,

18   overtime wages, meal period premium wages, rest period premium wages, shift differential pay,

19   and/or the regular rate of pay), in violation of Labor Code § 204.

20        103.    Defendants' aforementioned policies, practices, and/or procedures resulted in their

21   failure to pay Plaintiff and the Pay Day Class their earned wages within the applicable time frames

22   outlined in Labor Code § 204.

23        104.    Defendants' failure to timely pay Plaintiff and the Pay Day Class their earned

24   wages in accordance with Labor Code § 204 was willful. Defendants had the ability to timely pay

25   all wages earned by hourly workers in accordance with Labor Code § 204, but intentionally

26   adopted policies or practices incompatible with the requirements of Labor Code § 204. When

27   Defendants failed to timely pay Plaintiff and the Pay Day Class all earned wages, they knew what

28   they were doing and intended to do what they did.

105.    As a result of Defendants' unlawful conduct, Plaintiff and the Pay Day Class have suffered damages in an amount subject to proof, to the extent that they were not timely paid their earned wages pursuant to Labor Code § 204.

106.    Pursuant to Labor Code § 210, Plaintiff and the Pay Day Class are entitled to recover civil penalties as follows: (1) for any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty-five (25%) percent of the amount unlawfully withheld.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

107.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

108.    At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code § 226.

109.    Pursuant to Labor Code § 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of § 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

110.    Defendant committed direct violations of Labor Code § 226, through their policies, practices, and/or procedures, including, but not limited to: failing to provide Plaintiff and other

similarly situated employees accurate itemized wage statements showing: (1) the hourly rate of pay; (2) the overtime rate of pay; (3) the number of overtime hours worked; and (4) the "Shift Differential" pay.

111.    In direct violation of Labor Code Section 226, Defendant failed identify the applicable pay rate and number of hours worked for "Sft Diff Reg on Plaintiff's and similarly situated employees' wage statements.

112.    For example, for the pay period beginning October 31, 2021, Plaintiff was paid $2.00 per hour for the "Sft Diff Reg" during the pay period, however, this was not included as part of the overtime rate as required.

113.    Additionally, for the pay period beginning December 12, 2021, Plaintiff was paid $16.00 per hour for the "Sft Diff Reg" rate during the pay period, however, the identified rate is incorrect. Plaintiff worked 22.33 hours that qualified for a "Sft Diff Reg" and was paid $44.66. Thus, the listed rate of $16 per hour is not that rate at which she was paid. Therefore, Plaintiff is unable to determine or calculate how or whether the amount she was paid for "Shift Differential" pay was correct.

114.    As a result of Defendants' failure to provide the applicable pay rate and the number of hours worked for "Shift Differential" pay, Plaintiff and other similarly situated employees who received "Shift Differential" pay were unable to determine how the amount was calculated and whether it was correct.

115.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, rest period premium wages, shift differential pay, and/or the regular rate of pay), in violation of Labor Code § 226.

116.    Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

117.   Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

118.   As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

119.   Pursuant to Labor Code § 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a § 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

120.   Pursuant to Labor Code § 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code § 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code § 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with

1   Labor Code § 226(a).

2      121.   Pursuant to Labor Code §226(e) and 226(h), Plaintiff and the Wage Statement

3   Class are entitled to recover the full amount of penalties due under § 226(e), reasonable attorneys'

4   fees, and costs of suit.

5   ### EIGHTH CAUSE OF ACTION

6   **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

7   **IN VIOLATION OF LABOR CODE §201, 202, AND 203**

8   **(Against All Defendants by Plaintiff and the Waiting Time Class)**

9      122.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

10      123.   At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were

11   employees of Defendants, covered by Labor Code §201 and 202.

12      124.   An employer is required to pay all unpaid wages timely after an employee's

13   employment ends. The wages are due immediately upon termination or within seventy-two (72)

14   hours of resignation. Labor Code §201, 202. If an employee gave seventy-two (72) hours previous

15   notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id.*

16      125.   Defendants failed to pay Plaintiff and on information and belief, the Waiting Time

17   Class, with all wages earned and unpaid prior to separation of employment, in accordance with

18   either Labor Code § 201 or 202. Plaintiff is informed and believes and thereon alleges that at all

19   relevant times within the limitations period applicable to this cause of action, Defendants

20   maintained a policy or practice of not paying hourly employees all earned wages timely upon

21   separation of employment.

22      126.   Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages

23   earned prior to separation of employment timely in accordance with Labor Code §201 and 202

24   was willful. Defendants had the ability to pay all wages earned by hourly workers prior to

25   separation of employment in accordance with Labor Code §201 and 202, but intentionally adopted

26   policies or practices incompatible with the requirements of Labor Code §201 and 202. Defendants'

27   practices include failing to pay at least minimum wage for all time worked, overtime wages for all

28   overtime hours worked, meal period premium wages, rest period premium wages, shift differential

pay, and/or the regular rate of pay. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

127.    Pursuant to either Labor Code § 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

128.    Pursuant to Labor Code § 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

129.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

130.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code § 203.

131.    Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code § 203, and interest thereon.

## NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, et seq.

**(Against All Defendants by Plaintiff and the California Class)**

132.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

133.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code § 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for all overtime hours worked; failure to authorize or permit all legally required and/or compliant meal periods and/or pay meal period premium wages; failure to authorize or

permit all legally required and/or compliant rest periods and/or pay rest period premium wages; failure to indemnify all necessary expenditures or losses incurred in direct consequence of discharging duties; failure to timely pay wages; failure to provide accurate wage and hour statements; and failure to timely pay all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay overtime wages for all overtime hours worked; authorize or permit all legally required and/or compliant meal periods and/or pay meal period premium wages; authorize or permit all legally required and/or compliant rest periods and/or pay rest period premium wages; indemnify all necessary expenditures or losses incurred in direct consequence of discharging duties;  timely pay wages; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.

134.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the California Class have suffered injury in fact and lost money or property, as described in more detail above.

135.    Pursuant to Business and Professions Code § 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

///

///

///

///

///

///

### **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION:**

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure § 382 and any other applicable law;

2. That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3. For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4. For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

### **ON THE FIRST CAUSE OF ACTION:**

1. That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2. For damages, according to proof, including but not limited to unpaid wages;

3. For any and all legally applicable penalties;

4. For liquidated damages pursuant to Labor Code § 1194.2;

5. For pre-judgment interest, including but not limited to that recoverable under Labor Code § 1194, and post-judgment interest;

6. For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code § 1194;

7. For pre-judgment interest, including but not limited to that recoverable under Labor Code § 218.6, and post-judgment interest; and

8. For such other further relief, in law and/or equity, as the Court deems just or

1    appropriate.

2    **ON THE SECOND CAUSE OF ACTION:**

3    1.    That Defendants be found to have violated the overtime provisions of the Labor

4    Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

5    2.    For damages, according to proof, including but not limited to unpaid wages;

6    3.    For any and all legally applicable penalties;

7    4.    For pre-judgment interest, including but not limited to that recoverable under Labor

8    Code § 1194, and post-judgment interest;

9    5.    For attorneys' fees and costs of suit, including but not limited to that recoverable

10   under Labor Code § 1194; and

11   6.    For such other further relief, in law and/or equity, as the Court deems just or

12   appropriate.

13   **ON THE THIRD CAUSE OF ACTION:**

14   1.    That Defendants be found to have violated the meal period provisions of the Labor

15   Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

16   2.    For damages, according to proof, including unpaid premium wages;

17   3.    For any and all legally applicable penalties;

18   4.    For pre-judgment interest, including but not limited to that recoverable under Labor

19   Code § 218.6, and post-judgment interest; and

20   5.    For such other further relief, in law and/or equity, as the Court deems just or

21   appropriate.

22   **ON THE FOURTH CAUSE OF ACTION:**

23   1.    That Defendants be found to have violated the rest period provisions of the Labor

24   Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

25   2.    For damages, according to proof, including unpaid premium wages;

26   3.    For any and all legally applicable penalties;

27   4.    For pre-judgment interest, including but not limited to that recoverable under Labor

28   Code § 218.6, and post-judgment interest; and

5.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FIFTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated the indemnification provisions of the Labor Code as to the Plaintiff and the Indemnification Class;

2.     For damages, according to proof, including unpaid use and/or costs of necessary tools and/or resources;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under Labor Code § 2802, and post-judgment interest;

5.     For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code § 2802; and

6.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.     That Defendants be found to have violated Labor Code 204 as to Plaintiff and the Pay Day Class;

2.     For damages, according to proof;

3.     For any and all legally applicable penalties, including but not limited to those recoverable pursuant to Labor Code § 210(a);

4.     For pre-judgment interest, including but not limited to that recoverable under Labor Code § 218.6, and post-judgment interest; and

5.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SEVENTH CAUSE OF ACTION:

1.     That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

///

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code § 226, subdivision (e), and any other legally applicable damages or penalties;

3.     For pre-judgment interest and post-judgment interest;

4.     For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code § 226(a);

5.     For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code § 226, subdivision (e); and

6.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE EIGHTH CAUSE OF ACTION:

1.     That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code § 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under Labor Code § 218.6, and post-judgment interest; and

4.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE NINTH CAUSE OF ACTION:

1.     That Defendants be found to have violated Business and Professions Code §17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.     A declaratory judgment that the practices complained herein are unlawful;

3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.     For restitution to the full extent permitted by law; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: February 1, 2022

Respectfully submitted,

**LAVI & EBRAHIMIAN, LLP**

By: _____

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Melissa A. Huether, Esq.
Megan Ortiz, Esq.

Attorneys for Plaintiff
Katia Arellano,
on behalf of herself and others similarly situated.

1

**DEMAND FOR JURY TRIAL**

2   Plaintiff KATIA ARELLANO demands a trial by jury for herself and the California Class

3 on all claims so triable.

4

5 Dated: February 1, 2022

             Respectfully submitted,

6                  **LAVI & EBRAHIMIAN, LLP**

7          By: _____

8                  Joseph Lavi, Esq.
                  Vincent C. Granberry, Esq.

9                  Melissa A. Huether, Esq.
                  Megan Ortiz, Esq.

10

                  Attorneys for Plaintiff
                  Katia Arellano,

11                 on behalf of herself and others similarly situated.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
45

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Joseph Lavi, Esq. (SBN 209776); Vincent Granberry, Esq. (SBN 276543)<br>Melissa Huether, Esq. (SBN 316604); Megan Ortiz, Esq. (SBN 340417)<br>LAVI & EBRAHIMIAN, LLP<br>8889 West Olympic Boulevard, Suite 200, Beverly Hills, CA, 90211<br>TELEPHONE NO.: (310) 432-0000  FAX NO.: (310) 432-0001<br>ATTORNEY FOR *(Name):* KATIA ARELLANO, and others similarly situated | **FOR COURT USE ONLY**<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>FEB 01 2022<br><br>BY _Alma Vallejo Garcia_<br>ALMA VALLEJO GARCIA, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415-0210
BRANCH NAME: San Bernardino County Superior Court

**CASE NAME:**
Arellano v. Ulta Salon, Cosmetics & Fragrance, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | CIV SB 2 2 0 2 3 5 6<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):*  Nine (9)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 1, 2022
Megan Ortiz, Esq.
(TYPE OR PRINT NAME)                                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CIV SB 2 2 0 2 3 5 6

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

KATIA ARELLANO

vs.

ULTA SALON, COSMETICS & FRAGRANCE, INC., ET AL

Case No. CIV SB 2 2 0 2 3 5 6

### CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino Civil _____ District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

☒ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | The causes of action arose within the district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Ulta Salon, Cosmetics & Fragrance, Inc., et al.                    27461 San Bernardino Ave.Ste 150
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                              ADDRESS

Redlands                              CA                        92374
CITY                                 STATE                      ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on February 1, 2022       at 8889 W. Olympic Blvd. Ste. 200, Beverly Hills, _____,
California.

_____
Signature of Attorney/Party

Form # 13-16503-360                    CERTIFICATE OF ASSIGNMENT                    Rev. June 2019
Mandatory Use